No. 38,133

RAY GERALD BARNES, *Appellant,* v. JESSIE DUNCAN and EDWARD DUNCAN, Wife and Husband, *Appellees.*

(228 P. 2d 678)

Opinion filed March 10, 1951.

*Oscar E. Learnard, John J. Riling* and *C. Wayne Allphin, Jr.,* all of Lawrence, were on the briefs for the appellant.

*Charles D. Stough,* of Lawrence, was on the briefs for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was a replevin action. Defendants filed an answer to plaintiff's petition and a cross petition. Judgment was for defendants on their answer and also on their cross petition. The plaintiff has appealed.

The petition alleged that defendants were in possession of property belonging to plaintiff and unlawfully retained that possession even though its return had been demanded. The property in question was household goods. A list was attached to the petition and marked exhibit "A."

. The defendants filed an answer and cross petition, in which they alleged that plaintiff and defendants entered into an oral contract by which defendants were to convey to plaintiff real property owned by them in Kansas City, Mo., and plaintiff was to convey to them property owned by them in Lawrence, Kan., subject to $5,000 mortgage, and all furniture in the house in Lawrence was to be a part of the consideration; that warranty deeds were exchanged and defendants took possession of the property at Lawrence, together with the furniture; that shortly thereafter plaintiff, without defendants' consent, removed certain of the personal property he had sold defendants. A list of that property was attached to the answer and cross petition and marked exhibit "A."

Defendants prayed for an order settling all questions and for a return of the property listed in their exhibit "A."

For a reply to defendants' answer and answer to their cross petition, plaintiff admitted the oral contract. He pleaded further, it was agreed all household goods in two of the apartments was to remain and be the property of plaintiff, as well as all personal property located in the basement; that all the property listed in defendants' exhibit "A" belonged to plaintiff and was delivered to plaintiff by defendants sometime after the exchange of deeds. Plaintiff renewed the prayer of the petition and prayed for a judgment denying defendants any relief.

The transaction was one where the plaintiff traded an apartment house and the furniture in it for real estate. Three groups of furniture were involved. One group is the main furniture in the apartment house. There is no contention but that it passed to defendants by the terms of the oral contract. The second group is the furniture in two rooms of the apartment house, which rooms had been occupied by plaintiff and his mother. When the deeds were exchanged the defendants took possession of it and retained such possession claiming it passed to them with the other furniture. This is the furniture listed in plaintiffs exhibit "A." The only question in the case with reference to it is whether the oral contract provided it should pass to defendants with the other furniture in the apartment house. That question of fact was by the trial court determined in favor of defendants. The third group of furniture is some the defendants claim was removed by plaintiff from the apartment house without their consent after title passed to them. This is the furniture plaintiff described in his reply as "all personal property located in the basement of said building and in the garage" listed in defendants' exhibit "A." Here again the only question before the trial court was whether this property passed under the terms of the oral contract. The trial court determined this question of fact in favor of the defendants.

The journal entry recited:

"Defendants move prior to the introduction of evidence for judgment on the pleadings for Defendants as to all matters set out in Plaintiff's Amended Petition. The Court hears the arguments of counsel and there being no objection by Plaintiff, judgment is entered for the Defendants for the possession of all property set out in Plaintiff's Amended Petition."

In a succeeding paragraph after reciting the various steps in the trial, the journal entry recited that the court found the owner-

ship of the property mentioned in the plaintiff's original petition to be in the defendants, with the exception of family heirlooms.

In the next paragraph the trial court found the ownership of the property listed defendants' exhibit "A" to be in the defendants. The judgment portion of the journal entry described the property listed in the plaintiff's exhibit "A" piece by piece and decreed defendants to have possession of that and if possession could not be had, then defendants recover its value from the plaintiff.

The next paragraph gave the defendants' judgment for the property described in their exhibit "A" and described that piece by piece. No mention of the heirlooms was made in this portion of the journal entry.

The plaintiff's motion for a new trial was duly overruled and it was ordered that if the parties could not agree as to the value of the property the question of values would be held for further determination by the court.

The plaintiff filed a motion for a new trial on account of erroneous rulings of the court and that the judgment was contrary to the evidence.

Plaintiff's first argument is that the court's judgment, as shown in the journal entry, did not finally determine plaintiff's rights in the personal property. The basis of that claim is that the court found the property mentioned in the plaintiff's exhibit "A" to be in the defendants with the exception of family heirlooms. The plaintiff argues that there is no provision in the journal entry for determining what were heirlooms and these rights were not established or identified by the court. It is a little difficult for us to deal with this question inasmuch as none of the pleadings mentioned heirlooms. From an examination of the abstract we find that there was some testimony that there was a lamp and a vase that had belonged to plaintiff's mother. The difficulty about our getting hold of this question is that in the court's journal entry the property dealt with was set out item by item. Nowhere is there any mention in any of these lists of a vase. On one of the lists there is a mention in one place of three floor lamps and at another place in this same list there is mention of two floor lamps and one table lamp. We are informed in the brief of appellee, which is not disputed by the appellant, that the journal entry originally found the property listed and attached to plaintiff's petition was in the defendants, with the exception of a lamp belonging to plaintiff's mother, considered a family heirloom, and at the argument of the motion for a new

trial the court struck out the words "a lamp belonging to plaintiff's mother" and added an "s" to the word "heirloom." The court in that portion of the journal entry, giving the judgment, named each specific item of property, which it was decreeing to be the property of defendants. This is the identical list attached to the pleadings of both parties. We have concluded that this judgment is definite enough so that the ownership of the property described therein passed by it.

The next argument of the plaintiff is that the court erred in not allowing him to introduce evidence showing the total value of the real estate and personal property included in the sale. This argument is not good for the reason that there was no allegation of fraud in the pleadings and no fraud testified to in the evidence. The question decided was solely the terms of the oral contract. Furthermore, the evidence offered on this point was not furnished the court on the hearing of the motion for a new trial. On that account, we cannot review any error based upon this exclusion. (See G. S. 1949, 60-3004; *In re Estate of Casida,* 156 Kan. 73, 131 P. 2d 644.)

The next argument of the plaintiff is that the court's judgment was contrary to the evidence. There was evidence both ways as to the terms of the oral contract. The court heard it and found in favor of the defendants. We will not re-examine that question.

The judgment of the lower court is affirmed.